***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms with modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. An employee-employer relationship existed between the Plaintiff and Defendant Barkley Plumbing at the time of the alleged injury.
3. TIG Insurance was the carrier on the risk and coverage was in effect at the time of the alleged injury.
4. Liability has not been admitted in this case.
5. Plaintiff was paid temporary total disability benefits from March 27, 2003, until June 18, 2003, pursuant to a Form 63 Notice to Employee of Payment of Compensation Without Prejudice.
6. All medical evidence shall be submitted through stipulated medical records.
7. Plaintiff's average weekly wage at the time of the alleged injury was $708.91.
8. Plaintiff was allegedly injured on March 26, 2003.
9. The following issues are contested by the parties:
a. Whether Plaintiff suffered an injury by accident arising out of and in the course of his employment on or about March 26, 2003?
b. What, if any, benefits is Plaintiff entitled to receive as a result of the March 26, 2003 incident?
c. Is Plaintiff's alleged continuing disability the result of the workers' compensation injury, or the result of his congenital spine condition?
 ***********
Based on the foregoing Stipulations and the evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is 38 years of age, with a date of birth of September 25, 1966. He has a high school education and has worked as a plumber, although he has no formal training in plumbing. He was employed in plumbing with Defendant-Employer.
2. Plaintiff testified that he had a prior back problem, which he called an "overgrowth" at the end of his spine. He was diagnosed with a congenital defect or sacral lesion at the base of the lumbar spine, which was surgically removed by Dr. N. Fatehi of Atlantic Neurosurgery in January 2002. Plaintiff testified that he did not have back problems after that until the March 26, 2003 incident at work.
3. On or about March 26, 2003 during the course of his employment, Plaintiff was moving a bathtub into a house. He testified that it weighed approximately 90 — 100 pounds and that he had to drag it onto the porch and into the house. His co-worker was not helping him. As he was pulling the tub onto the porch, Plaintiff had an onset of back pain.
4. On April 1, 2003, Plaintiff went to see his physician, Dr. Barry Clark, with complaints of one week of low back pain and reported that he was injured at work. Dr. Clark also noted his history of low back pain the prior year with the removal of a tumor. Upon examination, Dr. Clark found paraspinous spasm and tenderness in the lumbar spine, which he assessed as a low back strain with muscle spasm. He prescribed Celebrex and told Plaintiff to call if his condition worsened.
5. Plaintiff followed up with Dr. Clark in April and May 2003, and Dr. Clark's assessment remained muscular strain. At Plaintiff's May 14, 2003 visit, Dr. Clark noted that Plaintiff felt his medications were helping and that "he appears well." Dr. Clark also noted that Plaintiff should have no problem returning to his regular activities at that time.
6. At Plaintiff's last visit on May 29, 2003, Dr. Clark noted that Plaintiff had been seeing his chiropractor regularly and felt he had improved slightly. Dr. Clark also noted that Plaintiff "appears quite comfortable."
7. On August 21, 2003, Plaintiff returned to Atlantic Neurosurgery, where he was seen by Mark Coles, Nurse Practitioner for Dr. Fatehi. Mr. Coles examined Plaintiff and assessed low back pain with possible lumbar radiculopathy. An MRI was recommended for further evaluation and to rule out a herniated nucleus pulposus.
8. On September 4, 2003, Dr. Fatehi noted that the MRI showed a small right paracentral disc protrusion at L5-S1 without significant compression of the nerve structures. The assessment was that Plaintiff had degenerative disease of the lumbar spine and low back pain that was improving. Plaintiff was released to resume light duty work with no pulling, pushing, or lifting objects heavier than ten pounds, for a regular 40-hour week as of September 8, 2003.
9. Plaintiff never returned to work for Defendant-Employer after the March 26, 2003 incident. Plaintiff acknowledged in his testimony that he did not try to return to work for Defendant-Employer or ask for any work within his restrictions after his release to return to light duty work on September 8, 2003. Plaintiff testified that there was no plumbing work that he could do within his restrictions; however, he has made no effort to find any other suitable employment. Defendants filed a Form 61 Denial of Workers' Compensation Claim on June 30, 2003.
10. The evidence fails to support Plaintiff's position that he has been unable to work since March 26, 2003, due to back pain, related to his injury by accident. The treating specialist, Dr. Fatehi, was not deposed and the evidence is insufficient to determine the cause of Plaintiff's ongoing complaints of back pain.
11. The evidence fails to establish that Plaintiff is incapable of earning wages in any employment. At the time of his last physician's visit of September 4, 2003, Plaintiff was released to light duty work. There is no expert medical testimony that he has been unable to work since his release to return to work on September 8, 2003. Plaintiff has taken no steps to find work within the restrictions outlined by Dr. Fatehi.
12. On March 26, 2003, Plaintiff sustained a back injury by accident or specific traumatic incident arising out of and in the course of his employment as a result of lifting a heavy bathtub. Defendant did not appeal from the Deputy Commissioner's finding and conclusion that Plaintiff sustained a compensable injury by accident or specific traumatic incident resulting in lumbar strain. Due to his injury, Plaintiff was incapable of working in any employment from March 27, 2003, through September 8, 2003.
13. The evidence does not establish whether Plaintiff has reached maximum medical improvement or whether he retains any permanent partial impairment rating to his back due to his back strain.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On March 26, 2003, Plaintiff sustained an injury by accident or specific traumatic incident, arising out of and in the course of his employment with Defendant-Employer when he sustained a lumbar strain while moving a bathtub. N.C. Gen. Stat. § 97-2(6).
2. As a result of his compensable injury, Plaintiff was incapable of earning wages in any employment from March 27, 2003 through September 8, 2003, and is entitled to temporary total disability compensation during said period. N.C. Gen. Stat. § 97-29.
3. Without the benefit of expert medical testimony, the Full Commission is unable to determine whether Plaintiff's current back complaints are related to his compensable injury on March 26, 2003, particularly where Plaintiff has had back problems in the past. Click v. Pilot FreightCarriers, Inc., 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980).
4. Plaintiff has failed to prove that he is unable to earn wages in any employment such that he should be entitled to ongoing compensation for wage loss after September 8, 2003. Plaintiff was released to return to work with restrictions as of September 8, 2003, but has failed to make any effort to find suitable employment. N.C. Gen. Stat. § 97-29.
5. Plaintiff's average weekly wage of $708.91 yields a compensation rate of $472.63. N.C. Gen. Stat. § 97-2(5).
6. The issue of whether Plaintiff has sustained any permanent partial impairment to his back is left open for subsequent determination as the evidence fails to establish whether Plaintiff has reached maximum medical improvement. N.C. Gen. Stat. § 97-31(23).
7. Defendant is entitled to a credit for compensation already paid to Plaintiff pursuant to the Form 63 pay without prejudice provision of the Act. N.C. Gen. Stat. § 97-18(d).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay Plaintiff temporary total disability compensation at the weekly rate of $472.63 from March 27, 2003, through September 8, 2003, subject to a credit for temporary total disability compensation already paid.
2. Defendants shall pay the medical expenses incurred or to be incurred by Plaintiff for reasonably necessary treatment of his back strain of March 26, 2003, including the assessments of Dr. Clark and Dr. Fatehi, as well as the chiropractic treatment rendered prior to his release to return to work by Dr. Fatehi when bills for the same are submitted and approved according to procedures approved by the Commission.
3. Twenty-five percent of the compensation awarded Plaintiff herein is approved as a fee for Plaintiff's attorney and shall be deducted and paid directly to Plaintiff's attorney.
4. The issue of whether Plaintiff is entitled to payment for permanent partial disability, if any, is left open for subsequent determination upon motion or request for hearing by either party.
5. Defendants shall pay the costs.
This the ___ day of September 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER